**FIRST GUARANTY STATE BANK OF CISCO v. MEYER & KISER. (No. 1905.)**

(Court of Civil Appeals of Texas. El Paso. Oct. 28, 1926. Rehearing Denied Nov. 18, 1926.)

1. **Banks and banking ⟷171(4)—Bank not forwarding for collection check, given in payment of notes, until after maker withdrew funds from drawee bank, held not maker's, but note owner's agent.**

Bank, not forwarding for collection check given in payment of notes payable at bank, until after maker withdrew funds from drawee bank, *held* note owner's, not maker's, agent, and hence liable to former for loss of amount, in view of facts found by court.

2. **Banks and banking ⟷171(4)—Bank's delay in forwarding check for collection held proximate cause of creditor's loss.**

Bank's negligence, in not forwarding for collection check given in payment of notes until after maker withdrew funds from drawee bank, *held* proximate cause of note owner's loss of amount of check.

3. **Banks and banking ⟷171(4)—Bank, accepting check for collection, is charged with knowledge that undue delay in presenting it for payment may result in dishonor.**

Bank, accepting check for collection, must use reasonable diligence in presenting it for payment, and is charged with knowledge that undue delay may result in its dishonor.

Error from Eastland County Court at Law; T. J. Cunningham, Judge.

Action by Meyer & Kiser against the First Guaranty State Bank of Cisco. Judgment for plaintiff, and defendant brings error. Affirmed.

Patterson & Grantham, of Cisco, for plaintiff in error.

Willis Snyder, of Dallas, and M. McCullough, of Eastland, for defendant in error.

**Statement of Case.**

HIGGINS, J. A summary of the court's findings is as follows: Meyer & Kiser were financing automobile notes taken by the Blease Motor Company, of Cisco, Tex. Such notes were payable to Meyer & Kiser at the First Guaranty State Bank of Cisco. For about two years prior to August, 1923, the bank had been receiving each month for collection many notes so owned by Meyer & Kiser which it would collect, making remittance to Meyer & Kiser every thirty days, and charging ten cents for each note collected. In March, 1923, the motor company sold a Ford roadster to W. M. Anderson, who gave his twelve purchase-money notes therefor in favor of Meyer & Kiser, one note being payable every month. Four of the notes were collected through the bank in the manner stated. On August 22, 1923, the bank re-ceived from Anderson, through the mail, his check for $222, bearing the notation, "For Ford roadster, paid in full." The check was drawn in favor of the First Guaranty State Bank upon a bank at Breckenridge, Tex. At that time the bank held one of the Anderson notes for collection. Upon receipt of the check, the bank applied to Meyer & Kiser's local attorneys to have all of the Anderson unpaid notes forwarded for collection. The bank held the check until September 1, 1923, when the remaining notes were received. Upon the latter date, the notes were attached to the check and the check forwarded for collection through the Federal Reserve Bank at Dallas. Anderson had sufficient funds in the bank at Breckenridge to pay the check until August 30, 1923, upon which date he withdrew all of his funds except $22, and left the state with the car, and since that time cannot be found. Anderson has no property in this state. If the bank had sent the check out for collection in its usual manner, without delay, it would have been presented and paid prior to August 30th. The bank was negligent in holding the check in the manner stated, and by reason thereof Meyer & Kiser lost the amount thereof. In thus holding the check, the bank did so of its motion, without any advice, suggestion, or request so to do from Anderson or any one else.

Upon the facts stated, Meyer & Kiser recovered judgment against the bank for $222, with interest from January 1, 1924, and the bank prosecutes this writ of error.

**Opinion.**

[1] Plaintiffs in error assert: First, it was not made the agent of defendants in error simply because the notes of Anderson were payable at its bank; second, the bank was agent of Anderson and not of defendants in error, because it was not in possession of the notes nor authorized to collect same. This is untenable, in view of all the facts found by the court. It plainly appears therefrom the bank had been and was at the time acting as the collecting agent of defendants in error of its automobile paper. The authorities relied upon have no application to the present state of facts.

[2, 3] Nor is there any merit in the further proposition that the negligence of the bank in the premises was not the proximate cause of the loss of the amount of the check. It is asserted the bank could not reasonably have anticipated injury resulting from delay in presenting the check for payment. In this view we cannot concur. It is the duty of a bank accepting a check for collection to use reasonable diligence in presenting same for payment, and it is charged with knowledge of the fact that undue delay in presentation may result in its dishonor.

Affirmed.